# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH, | CV F   OWW LJO P |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FILED UNDER RULE 4 |
| | (Doc. 10.) |
| TORRES, et.al., | |
| Defendants. | |

Robert Hackworth ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff filed the instant action on June 19, 2006. On December 29, 2006, Plaintiff filed a pleading titled "Motion Filed Under Rule 4(A) and 4(M) requesting that this matter be moved through the court. . ." Plaintiff states that the 120 days that the Court is allotted to "deal" with this matter have expired.

Rule 4(a) of the Federal Rules of Civil Procedure allows for the issuance of a summons and service of the Complaint. Rule 4(m) sets out the time limit for service of the Complaint within 120 days. However, as the instant action is filed pursuant to 42 U.S.C.§ 1983, the Court

1

is required by law to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

With respect to service, the Court will, *sua sponte*, direct the United States Marshal to serve the Complaint only after the Court has screened the Complaint and determined that it contains cognizable claims for relief against the named Defendants. Thus, the time limits set forth in Rule 4 are inapplicable until such time as the Court determines the Complaint states cognizable claims for relief. As the Court has yet to screen Plaintiff's case, Plaintiff's request for service is premature and unnecessary.

Plaintiff is further informed that the Court has hundreds of prisoner civil rights cases pending before it and which were filed before Plaintiff's case. The Court screens the cases in the order in which they are filed. Because of the large volume of cases, an inmate can experience delay in resolution of his case. Plaintiff can rest assured that should his address with the court remain current, he will receive all orders issued in his case.

The Court HEREBY ORDERS:

1.      Plaintiff's Motion regarding processing of his case is DENIED.

IT IS SO ORDERED.

**Dated:   January 7, 2007**                    /s/ Lawrence J. O'Neill
b9ed48                                          UNITED STATES MAGISTRATE JUDGE