# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH, | 1:06-cv-00773-OWW-GSA (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| TORRES, et. al., | (Doc. 1) |
| Defendants. | |

## I.  SCREENING ORDER

Robert Hackworth ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint on June 19, 2006.

### A.  Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or

appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.     Summary of Plaintiff's Complaint**

Plaintiff is a state prisoner at California State Prison Corcoran – where the acts he complains of occurred.  Plaintiff names Correctional Officers G. Torres, D. Morales, M. Grimsley, Sergeant J.M. Martinez, and Lieutenant S.C. Rousseau as defendants.  Plaintiff alleges that: in retaliation for prior legal action; on July 30, 2003, he attended an I.C.C. Classification committee hearing at which he disagreed with the committee actions; his disagreement was met with verbal harassment; after being escorted handcuffed from the hearing and upon arrival at the A-Section unit, C/O Torres grabbed his hair and collar from behind, made statements including racial epithets, and pushed plaintiff's face into the wall and corner of the steel door cutting plaintiff's lip so as to require stitches; when plaintiff would not keep his head down (so as to keep other prisoners from seeing him bleeding) C/O's Torres, Morales, and Grimsley forced him to the floor where he was kicked, hit, and received a burst of pepper spray into his nose; thereafter Sgt. Martinez joined by putting his foot first in the middle of plaintiff's back and then on the side of his head, pushing plaintiff's face into the cement; tight leg shackles were placed; he was forcefully escorted to the showers; then taken outside where his jumpsuit was cut off and he was sprayed with the water hose; MTA F. Lemos checked plaintiff and indicated a physician was needed to check his breathing and to stitch his lip; Sgt. Martinez conducted the investigation

of the incident; C/O Torres wrote a false report stating that the incident occurred because plaintiff attempted to spit on him; plaintiff was not given a hearing, but Lt. Rousseau found him guilty – assessing an additional nine months in the SHU and loss of 150 days "good time work time;" on July 31, 2003, C/O Torres passed plaintiff's cell and winked at him which plaintiff interpreted as C/O Torres tormenting plaintiff over the incident. Plaintiff seeks monetary damages.

### C.     Pleading Requirements

#### 1.  *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

#### 2.  *Federal Rule of Civil Procedure 18*

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to

1  relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as
2  independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has
3  against an opposing party.' Thus multiple claims against a single party are fine, but Claim A
4  against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated
5  claims against different defendants belong in different suits, not only to prevent the sort of
6  morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners
7  pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of
8  frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28
9  U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

10   Plaintiff is advised that if he choses to file an amended complaint, and fails to comply
11  with Rule 18(a) the Court will count all frivolous/noncognizable unrelated claims that are
12  dismissed therein as strikes such that he may be barred from filing in forma pauperis in the
13  future.

14   **3.  *Linkage Requirement***

15   The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

19  42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between
20  the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See
21  Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
22  (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a
23  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates
24  in another's affirmative acts or omits to perform an act which he is legally required to do that
25  causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th
26  Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named
27  defendant with some affirmative act or omission that demonstrates a violation of plaintiff's
28  federal rights.

**D.**     **Claims for Relief**

**1.** *Retaliation*

Plaintiff alleges that the scenario of events that occurred on July 30, 2003 occurred in retaliation for his exercising his access to the courts via the protected activity of filing grievances and/or law suits.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt 65 F.3d at 807. The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

Plaintiff states cognizable claims for retaliation against C/O's Torres, Morales, Grimsley, and Sgt. Martinez. However, he fails to demonstrate a "but for" causal nexus so as to state cognizable claims against Lt. Rousseau. McDonald v. Hall, 610 F.2d 18.

**2.** *Cruel & Unusual Punishment*

Plaintiff alleges the use of excessive force by the defendants in retaliation for his previous litigious activities.

5

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim," and "deliberate indifference to medical needs" violates the Eighth Amendment "only if those needs are 'serious.'" Id. at 9 (citation omitted). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 9 (quotations and citations omitted). With respect to excessive force claims, however, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff states cognizable claims for use of excessive force against C/O's Torres, Morales, Grimsley, and Sgt. Martinez in as much as all four of these defendants allegedly were personally involved in the July 30th physical attack, without legitimate penological justification, and with malicious and sadistic intent.

Plaintiff does not state any physically aggressive actions by Lt. Rousseau, thus his claim does not rise to the level cognizable under the law relating to the use of excessive force.

The various statements attributed to the defendants, while illustrative of their wrongful intent, do not, in and of themselves rise to the level of cruel and unusual punishment/excessive force as verbal harassment or abuse alone, including the use of racial epithets, is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Thus, plaintiff states cognizable claims for cruel and unusual punishment/excessive force

against C/O's Torres, Morales, Grimsley and Sgt. Martinez, but not against Lt. Rousseau.

### 3. *Procedural Due Process*

#### a. Inmate Appeals Process & Due Process

Plaintiff alleges that Sgt. Martinez illegally conducted the investigation regarding the July 30th incident.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a

guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Plaintiff fails to allege infringement of a protected liberty interest and thus fails to state a cognizable claim for violation of his right to procedural due process against Sgt. Martinez.

### b. Retention in Ad-Seg/SHU & Due Process

Plaintiff alleges that C/O Torres filed a false "115" against him, that no hearing was held, and thereunder Lt. Rousseau found him guilty, and imposed an additional nine months in the SHU.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff is not entitled to procedural due process protections in a vacuum. In order to be entitled under federal law to any procedural due process protections, plaintiff must first have a liberty interest at stake. Plaintiff alleges no facts that establish the existence of a liberty interest in remaining free from Ad-Seg. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms

8

of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).  Because plaintiff has not established the existence of a liberty interest in remaining free from Ad-Seg, plaintiff may not pursue a claim for relief under section 1983 for deprivation of procedural due process.

Further, even if plaintiff had a liberty interest in not being retained an additional nine months in Ad-Seg, plaintiff has alleged no facts that support his claim he was deprived of the procedural due process protections he was due.  Plaintiff was informed of the reasons for his placement in Ad-Seg.  Plaintiff did not state that he was not provided with periodic reviews for the nine month extension of his retention in Ad-Seg.  Thus, plaintiff has not alleged that he did not receive all the notice and process he was due regarding his retention in Ad-Seg.  Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986).  Due Process does not require that plaintiff be provided with "detailed written notice of charges . . ." or "a written decision describing the reasons for placing the prisoner in administrative segregation," and "due process does not require the disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation."  Id.

In summary, because plaintiff does not have a liberty interest in remaining free from Ad-Seg, plaintiff was not entitled to any procedural due process protections, and may not, therefore, pursue a claim for relief for deprivation of procedural due process.  Further, even if plaintiff did have a liberty interest in remaining free from Ad-Seg, plaintiff failed to allege that he was not provided with all of the process he was entitled to under federal law.  That defendants may have failed to comply with state regulations is not grounds for relief under section 1983 for deprivation of due process.  Accordingly, plaintiff's fails to state a claim upon which relief may be granted for violation of his rights to due process.

### 4. *Loss of "Good Time Work Time"*

In this instance, plaintiff is challenging the events relating to the disciplinary charge

against him and the disciplinary hearing at which he was assessed a time credit forfeiture.  "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005); Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004); Edwards v. Balisok, 520 U.S. 641, 648 (1997).  Because the finding of guilty affects the length of plaintiff's sentence, his claim is barred under section 1983 until such time as he invalidates the result of the disciplinary hearing via the prison's administrative remedy process or a petition for writ of habeas corpus relief.  Id.

### 5. *Supervisorial Liability*

Plaintiff named Sgt. Martinez and Lt. Rousseau as defendants in this action.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983.  See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

As discussed herein above, plaintiff has alleged that Sgt. Martinez personally participated in the events so as to state a claim for retaliatory cruel and unusual punishment/excessive force.

However, the only actions by Lt. Rousseau of which plaintiff complains are related to the disciplinary hearing and finding of guilt that caused plaintiff's stay in the SHU to be extended by nine months and a forfeiture of 150 days credit – which do not rise to the level of constitutionally cognizable claims.

Plaintiff failed to make allegations that Lt. Rousseau personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Thus, plaintiff failed to state a cognizable claim against Lt. Rousseau, such that Lt. Rousseau should be dismissed from this entire action.

## II.  CONCLUSION

For the reasons set forth above, plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If plaintiff needs an extension of time to comply with this order, plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff is reminded that Fed.R.Civ.P. 18(a) provides that "'[a] party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus, multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of

morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to three the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised that it is inappropriate to attach exhibits to a complaint. See Rule 8, Federal Rules of Civil Procedure. Further, the Court cannot serve as a repository for the parties' evidence. Originals or copies of evidence (i.e., prison or medical records, witness affidavits, etc.) should not be submitted until the course of litigation brings the evidence into question (for example, on a motion for summary judgment, at trial, or when requested by the court). At this point, the submission of evidence is premature as the plaintiff is only required to state a prima facie claim for relief. Thus, in amending his complaint, plaintiff should simply state the facts upon which he alleges a defendant has violated his constitutional rights and refrain from submitting exhibits.

Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff must either:
   a. File an amended complaint curing the deficiencies identified by the court in this order, or
   b. Notify the court in writing that he does not wish to file an amended complaint and wishes to proceed only on the claims identified by the court

as viable/cognizable in this order; and

4. If plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated: **May 7, 2008**            **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE