**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>TORRES, et al.,<br><br>　　　　　Defendants.<br>_____/ | 1:06-cv-00773-OWW-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND RECOMMENDING DISMISSAL OF DEFENDANT ROUSSEAU<br><br>OBJECTIONS, IF ANY, DUE IN 30 DAYS |

I.    <u>Findings and Recommendations Following Screening of Complaint</u>

Plaintiff Robert Hackworth ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 19, 2006.

On May 8, 2008, the court issued an order finding that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants Correctional Officer ("C/O") G. Torres, C/O D. Morales, C/O M. Grimsley, and Sergeant J. M. Martinez for use of excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment. However, the court found that plaintiff's allegations failed to give rise to any claims for relief against defendant Lt. Rousseau for which relief can be granted under section 1983. The court ordered plaintiff to either file an amended complaint or notify the court that he wishes to proceed only on the claims found cognizable by the court. On May 19, 2008, plaintiff notified the court that he does not wish to amend and wishes

to proceed only on his Eighth Amendment excessive force claim and First Amendment retaliation claim against defendants Torres, Morales, Grimsley, and Sgt. Martinez. Based on plaintiff's notice, the instant Findings and Recommendations now issues.

### A. Screening Requirement

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B. Summary of Plaintiff's Complaint

Plaintiff is a state prisoner at California State Prison Corcoran – where the acts he complains of occurred. Plaintiff names Correctional Officers G. Torres, D. Morales, M. Grimsley, Sergeant J.M. Martinez, and Lieutenant S.C. Rousseau as defendants. Plaintiff alleges that: in retaliation for prior legal action; on July 30, 2003, he attended an I.C.C. Classification committee hearing at which he disagreed with the committee actions; his disagreement was met with verbal harassment; after being escorted handcuffed from the hearing and upon arrival at the A-Section unit, C/O Torres grabbed his hair and collar from behind, made statements including racial epithets, and pushed plaintiff's face into the wall

and corner of the steel door cutting plaintiff's lip so as to require stitches; when plaintiff would not keep his head down (so as to keep other prisoners from seeing him bleeding) C/O's Torres, Morales, and Grimsley forced him to the floor where he was kicked, hit, and received a burst of pepper spray into his nose; thereafter Sgt. Martinez joined by putting his foot first in the middle of plaintiff's back and then on the side of his head, pushing plaintiff's face into the cement; tight leg shackles were placed; he was forcefully escorted to the showers; then taken outside where his jumpsuit was cut off and he was sprayed with the water hose; MTA F. Lemos checked plaintiff and indicated a physician was needed to check his breathing and to stitch his lip; Sgt. Martinez conducted the investigation of the incident; C/O Torres wrote a false report stating that the incident occurred because plaintiff attempted to spit on him; plaintiff was not given a hearing, but Lt. Rousseau found him guilty – assessing an additional nine months in the SHU and loss of 150 days "good time work time;" on July 31, 2003, C/O Torres passed plaintiff's cell and winked at him which plaintiff interpreted as C/O Torres tormenting plaintiff over the incident. Plaintiff seeks monetary damages.

      C.      Plaintiff's Claims

          **1.** *Retaliation*

Plaintiff alleges that the scenario of events that occurred on July 30, 2003 occurred in retaliation for his exercising his access to the courts via the protected activity of filing grievances and/or law suits.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). To establish a prima facie case, plaintiff must allege and show that defendants acted to retaliate for his exercise of a protected activity, and defendants' actions did not serve a legitimate penological purpose. See Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994); Pratt 65 F.3d at 807. The injury asserted in retaliation cases is the retaliatory conduct's chilling effect on the plaintiff's First Amendment rights. See Hines v. Gomez, 108 F.3d 265, 269 (9th Cir. 1997); Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000). A plaintiff asserting a retaliation claim must demonstrate a "but-for" causal nexus between the alleged retaliation and plaintiff's protected activity (i.e., filing a legal action). McDonald v. Hall, 610 F.2d 16, 18 (1st Cir. 1979); see Mt. Healthy City School Dist. Bd. of Educ. v.

Doyle, 429 U.S. 274 (1977). The prisoner must submit evidence, either direct or circumstantial, to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. Pratt, 65 F.3d at 806. Timing of the events surrounding the alleged retaliation may constitute circumstantial evidence of retaliatory intent. See Pratt 65 F.3d at 808; Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1316 (9th Cir. 1989).

Plaintiff states cognizable claims for retaliation against C/O's Torres, Morales, Grimsley, and Sgt. Martinez. However, he fails to demonstrate a "but for" causal nexus so as to state cognizable claims against Lt. Rousseau. McDonald v. Hall, 610 F.2d 18.

### 2. *Cruel & Unusual Punishment*

Plaintiff alleges the use of excessive force by the defendants in retaliation for his previous litigious activities.

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishment Clause depends upon the claim at issue . . . ." Hudson v. McMillian, 503 U.S. 1, 8 (1992). "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." Id. (quotations and citations omitted). "[E]xtreme deprivations are required to make out a[n] [Eighth Amendment] conditions-of-confinement claim," and "deliberate indifference to medical needs" violates the Eighth Amendment "only if those needs are 'serious.'" Id. at 9 (citation omitted). With respect to these types of claims, "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." Id. at 9 (quotations and citations omitted). With respect to excessive force claims, however, the malicious and sadistic use of force to cause harm *always* violates contemporary standards of decency, regardless of whether or not significant injury is evident. Id. at 9; see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines de minimis uses of force, not de minimis injuries)).

Plaintiff states cognizable claims for use of excessive force against C/O's Torres, Morales, Grimsley, and Sgt. Martinez in as much as all four of these defendants allegedly were personally involved in the July 30th physical attack, without legitimate penological justification, and with malicious

and sadistic intent.

Plaintiff does not state any physically aggressive actions by Lt. Rousseau, thus his claim does not rise to the level of a cognizable claim for use of excessive force.

The various statements attributed to the defendants, while illustrative of their wrongful intent, do not, in and of themselves rise to the level of cruel and unusual punishment/excessive force as verbal harassment or abuse alone, including the use of racial epithets, is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983, Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987), and threats do not rise to the level of a constitutional violation. Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).

Thus, plaintiff states cognizable claims for cruel and unusual punishment/excessive force against C/O's Torres, Morales, Grimsley and Sgt. Martinez, but not against Lt. Rousseau.

### 3. *Procedural Due Process*

#### a. Inmate Appeals Process & Due Process

Plaintiff alleges that Sgt. Martinez illegally conducted the investigation regarding the July 30th incident.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. "States may under certain circumstances create liberty interests which are protected by the Due Process Clause." Sandin v. Conner, 515 U.S. 472, 483-84 (1995). Liberty interests created by state law are generally limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

"[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence,

it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez v. DeRobertis, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986).

Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a § 1983 action. Buckley, 997 F.2d at 495. The argument that anyone who knows about a violation of the Constitution, and fails to cure it, has violated the Constitution himself is not correct. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) citing Greeno v. Daley, 414 F.3d 645, 656-57 (7th Cir.2005); Reed v. McBride, 178 F.3d 849, 851-52 (7th Cir.1999); Vance v. Peters, 97 F.3d 987, 992-93 (7th Cir.1996).

Plaintiff fails to allege infringement of a protected liberty interest and thus fails to state a cognizable claim for violation of his right to procedural due process against Sgt. Martinez.

### b. Retention in Ad-Seg/SHU & Due Process

Plaintiff alleges that C/O Torres filed a false "115" against him, that no hearing was held, and thereunder Lt. Rousseau found him guilty, and imposed an additional nine months in the SHU.

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. See Hewitt, 459 U.S. at 466-68. With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484.

Plaintiff is not entitled to procedural due process protections in a vacuum. In order to be entitled under federal law to any procedural due process protections, plaintiff must first have a liberty interest at stake. Plaintiff alleges no facts that establish the existence of a liberty interest in remaining free from Ad-Seg. Id.; see also May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted). Because plaintiff has not established the existence of a liberty interest in remaining free from Ad-Seg, plaintiff may not pursue a claim for relief under section 1983 for deprivation of procedural due process.

Further, even if plaintiff had a liberty interest in not being retained an additional nine months in Ad-Seg, plaintiff has alleged no facts that support his claim he was deprived of the procedural due process protections he was due. Plaintiff was informed of the reasons for his placement in Ad-Seg. Plaintiff did not state that he was not provided with periodic reviews for the nine month extension of his retention in Ad-Seg. Thus, plaintiff has not alleged that he did not receive all the notice and process he was due regarding his retention in Ad-Seg. Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986). Due Process does not require that plaintiff be provided with "detailed written notice of charges . . ." or "a written decision describing the reasons for placing the prisoner in administrative segregation," and "due process does not require the disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation." Id.

In summary, because plaintiff does not have a liberty interest in remaining free from Ad-Seg, plaintiff was not entitled to any procedural due process protections, and may not, therefore, pursue a claim for relief for deprivation of procedural due process. Further, even if plaintiff did have a liberty interest in remaining free from Ad-Seg, plaintiff failed to allege that he was not provided with all of the process he was entitled to under federal law. That defendants may have failed to comply with state regulations is not grounds for relief under section 1983 for deprivation of due process. Accordingly,

plaintiff's fails to state a claim upon which relief may be granted for violation of his rights to due process.

### 4. *Loss of "Good Time Work Time"*

In this instance, plaintiff is challenging the events relating to the disciplinary charge against him and the disciplinary hearing at which he was assessed a time credit forfeiture. "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005); Muhammad v. Close, 540 U.S. 749, 751, 124 S.Ct. 1303, 1304 (2004); Edwards v. Balisok, 520 U.S. 641, 648 (1997). Because the finding of guilty affects the length of plaintiff's sentence, his claim is barred under section 1983 until such time as he invalidates the result of the disciplinary hearing via the prison's administrative remedy process or a petition for writ of habeas corpus relief. Id.

### 5. *Supervisorial Liability*

Plaintiff named Sgt. Martinez and Lt. Rousseau as defendants in this action.

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163, 168 (1993).

As discussed herein above, plaintiff has alleged that Sgt. Martinez personally participated in the events so as to state a claim for retaliatory cruel and unusual punishment/excessive force.

However, the only actions by Lt. Rousseau of which plaintiff complains are related to the disciplinary hearing and finding of guilt that caused plaintiff's stay in the SHU to be extended by nine months and a forfeiture of 150 days credit – which do not rise to the level of constitutionally cognizable claims.

Plaintiff failed to make allegations that Lt. Rousseau personnel personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black at 646. Thus, plaintiff failed to state a cognizable claim against Lt. Rousseau, such that Lt. Rousseau should be dismissed from this entire action.

D.   Conclusion

Based on the foregoing, the court found that plaintiff's allegations give rise to cognizable claims for relief under section 1983 against defendants C/O G. Torres, C/O D. Morales, C/O M. Grimsley, and Sgt. J. M. Martinez for use of excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment. However, the court found that plaintiff's allegations do not state any other claims for relief against any of the other named defendants. Thus, the court found that plaintiff's allegations fail to give rise to any claim against defendant Lt. Rousseau for which relief can be granted under section 1983. The court provided plaintiff with the opportunity to file an amended complaint but plaintiff opted to proceed on the claims found to be cognizable by the court. Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed only on plaintiff's Eighth Amendment claim for excessive force and First Amendment claim for retaliation against defendants C/O Torres, C/O Morales, C/O Grimsley, and Sgt. Martinez;

2. Plaintiff's due process claims against Sgt. Martinez, C/O Torres, and Lt. Rousseau be dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.    Plaintiff's claim for loss of "good time work time" credits be dismissed for plaintiff's failure to state a claim upon which relief may be granted under section 1983; and

4.    Defendant Lt. Rousseau be dismissed from this action based on plaintiff's failure to state any claims upon which relief may be granted against him.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 9, 2008**          /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE