# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>G. TORRES, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:06-cv-00773-RC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR THE ATTENDANCE OF INCARCERATED WITNESSES<br><br>(Doc. 79) |

On May 15, 2013, Plaintiff filed a timely motion (Doc. 79) for the attendance of one inmate witness, Lonnie Clark Williams, and six unincarcerated witnesses who refuse to testify voluntarily: CDRC Lieutenant J.C. Rabe; Mario Deguchi, M.D.; Jan Paul Muizelaar, M.D.; Leo Peter Langlois, M.D.; Majid Rahimifar, M.D. or David Ross Field, M.D.; and Julius Franklin Metts, M.D. Plaintiff later submitted a supplement (Doc. 86) adding an additional unincarcerated witness who refuses to testify voluntarily: Dr. Eric Bridgnell. Defendants did not oppose the motion.

**I.　Incarcerated Witnesses Who Agree to Testify**

In determining whether to grant Plaintiff's motion for the attendance of inmate Williams, factors to be taken into consideration include (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court

did not abuse its discretion when it concluded the inconvenience and expense of transporting inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995).

Plaintiff's Motion includes a signed declaration by Plaintiff's counsel confirming that inmate Williams was present at and witnessed the incident that is the basis for this case, and that Williams is willing to voluntarily testify at the trial of this matter. The Court has no information before it that Williams poses any exceptional security risk, or that transport and security are unduly burdensome. Though Williams has a medical condition that precludes him from being housed in a facility with a valley fever restriction, Plaintiff's counsel has already spoken with staff at the Sacramento prison regarding Williams' medical condition, and Plaintiff's counsel reports that the medical restriction will not be an issue for the few days that Williams would be moved for the trial, and that CRDC staff will ensure Williams is housed in a suitable facility. Williams is located at a prison several hours away, so extensive travel is not an issue. Finally, the Court has no information before it regarding the length of Williams' sentence. Therefore, delaying the trial is not an option.

Based on the proposed testimony of the witness, who allegedly witnessed events relevant to Plaintiff's claims, the Court will grant Plaintiff's motion for the attendance of incarcerated witness Lonnie Williams Clark.

**II.     Unincarcerated Witnesses Who Refuse to Testify**

When the Court issued its Second Scheduling Order– Revised (Doc. 77), the Court inadvertently misadvised Plaintiff's counsel as to the procedures for obtaining attendance of unincarcerated witnesses who refuse to testify voluntarily. The procedures in that order apply to plaintiffs appearing pro se. Because the plaintiff in this case is represented by pro bono counsel, Plaintiff's counsel is responsible for issuing subpoenas for any unincarcerated witnesses who refuse to testify voluntarily. Plaintiff's counsel must also tender an appropriate sum of money for the witnesses. Fed. R. Civ. P. 45. In the case of an unincarcerated witness, the appropriate sum of money is the daily witness fee of $40.00, plus the witness's travel expenses (56.5 cents per mile, $61.00 per day for meals, and $86.00 per day for lodging). 28 U.S.C. § 1821; 5 U.S.C. § 5207.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the attendance of witnesses, filed May 15, 2013, is GRANTED IN PART AND DENIED IN PART;
2. Plaintiff is permitted to call Lonnie Clark Williams to testify.
3. Orders directing the transportation of Plaintiff and inmate Lonnie Clark Williams will be issued closer to the trial date.
4. Plaintiff is permitted to call the seven unincarcerated witnesses refusing to testify voluntarily listed in Plaintiff's motion and supplement.
5. Plaintiff's counsel shall calculate the travel expense for each unincarcerated witness who refuses to testify voluntarily.
6. Plaintiff's counsel shall issue subpoenas to any unincarcerated witnesses who refuse to testify voluntarily, if Plaintiff wishes to call such witnesses at trial.

DATED this 25th day of June, 2013.

_____
Raner C. Collins
United States District Judge