# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HACKWORTH, | CASE NO. 1:06-cv-00773-RC |
| Plaintiff, | |
| v. | **ORDER** |
| G. TORRES, et al., | |
| Defendants. | |

_____/

Pending before the Court is Defendants' Motion for Judgment on the Pleadings (Doc. 85). The motion has been fully briefed, and counsel advised the Court that oral argument was unnecessary. Having considered the parties' pleadings, the exhibits related thereto, as well as the applicable law, the Court now enters its ruling.

**I.    Background**

Plaintiff filed a complaint on June 19, 2006, alleging civil rights violations pursuant to the First and Eighth Amendments to the U.S. Constitution. Plaintiff claims Defendants retaliated against him and used excessive force to restrain him after he expressed his disagreement with the prison's shooting policy. The case is set for trial on August 13, 2013.

On June 10, 2013, Defendants filed a Request for Leave to File a Motion for Judgment on the Pleadings. (Doc. 84). Defendants acknowledged that their request was made only two months prior to trial, but stated that there was a good faith basis that the motion would resolve the case

1

without the necessity for trial. After receiving Plaintiff's opposition to Defendants' request to file the motion and Defendants' reply, the Court allowed Defendants to file the Motion for Judgment on the Pleadings.

In their Motion (Doc. 85), Defendants argue judgment on the pleadings is appropriate for two reasons. One, Defendants allege Plaintiff failed to exhaust his administrative remedies prior to filing suit. Two, Defendants allege Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Edwards v. Balisok*, 502 U.S. 641 (1997), "because success in this lawsuit would invalidate the prison disciplinary finding of guilt for [attempted] battery on a peace officer concerning the same incident." (Doc. 85 at 1).

Plaintiff filed a response to the motion, contending that Defendants' motion is untimely, that the defenses in the motion have been waived or forfeited, and that the motion cannot succeed on the merits of the defenses alleged. Plaintiff asserts that he did not fail to exhaust his administrative remedies. Plaintiff also acknowledges his prison disciplinary finding for attempted battery on a peace officer, but argues the disciplinary finding does not bar his First Amendment retaliation claim and Eighth Amendment excessive force claim.

**II.     Standard of Review**

"After the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Judgment on the pleadings is appropriate "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).

**III.    Exhaustion**

*A.     Legal Standard*

Pursuant to the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law," unless all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a). Exhaustion is required for all suits about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

2

1  Exhaustion is an affirmative defense, and "inmates are not required to specially plead or
2 demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007); *see also Lira*
3 *v. Herrera*, 427 F.3d 1164, 1171 (9th Cir. 2005) (exhaustion "is not a jurisdictional requirement that
4 the plaintiff must plead and establish"). The defendant bears the burden of raising and proving the
5 absence of exhaustion, *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), and the defense is
6 waived if the defendant does not raise it, *Lira*, 427 F.3d at 1171. Further, in some cases the
7 plaintiff's obligation to exhaust administrative remedies may be excused when it is clear that no
8 further relief is available. *Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005)(citing *Booth*, 532 U.S.
9 731, and cases from the 2nd, 7th, and 10th circuits).

10  To satisfy exhaustion, an inmate must exhaust the grievance procedures established by the
11 prison in which the inmate is housed. *Jones*, 549 U.S. at 218. Under California law, inmates may
12 appeal "any departmental decision, action, condition, or policy which they can demonstrate as
13 having an adverse effect upon their welfare." Cal. Code Regs. Tit. 15, § 3084.1(a). The California
14 Department of Corrections ("CDC") grievance process is comprised of a four-tier hierarchy. *See* Cal.
15 Code Regs. Tit. 15 § 3084.5. An inmate must complete all four levels of the appeal process to satisfy
16 the PLRA's exhaustion requirement. Further, the grievance must alert prison officials to the claims
17 the plaintiff has included in his complaint. *Porter*, 534 U.S. at 525.

18  Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court
19 may look beyond the pleadings to decide disputed issues of fact. *Wyatt*, 315 F.3d at 1119–20.
20 Further, a court has broad discretion as to the method to be used in resolving the factual dispute.
21 *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir.1988)
22 (quotation omitted).

23  *B.  Parties' Arguments*

24  Defendants argue that Plaintiff's claims of excessive force and first amendment retaliation
25 should be dismissed because Plaintiff failed to exhaust his administrative remedies before filing suit.
26 To support their position, Defendants point to the copies of inmate appeal forms attached by Plaintiff
27 to his original complaint. Defendants do not provide any additional evidence in the form of appeal
28 records or declarations from CDC appeals personnel.

3

1  Based on their analysis of the inmate appeals forms provided by Plaintiff, Defendants
2  conclude that of the three appeals filed by Plaintiff, only one went to the final director's level of
3  review. Defendants further state that even though that particular appeal completed the required four
4  levels of review, the appeal did not state a claim relevant to this lawsuit. Specifically, Defendants
5  note that Plaintiff's appeal form listed a complaint regarding the prison's alleged refusal to allow
6  Plaintiff to appear at the Rules Violation Report ("RVR") hearing and defend himself against the
7  charge of attempted battery on a peace officer. Thus, Defendants conclude that even though one of
8  Plaintiff's appeals did complete all required levels of review, none of Plaintiff's appeals state a claim
9  for excessive force or retaliation.

10  In response to Defendants' allegations, Plaintiff affirms he "did not fail to exhaust
11  administrative remedies, but he complained and attempted on multiple occasions to obtain relief
12  from the hands of his abusers." Doc. 95 at 1.

13  *C.  Analysis*

14  In considering Defendants' motion for judgment on the pleadings, the Court accepts all of
15  Plaintiff's allegations of fact as true, while all "allegations of the moving party which have been
16  denied are taken as false." *Austad v. U.S.*, 386 F.2d 147, 149 (1967); *Gen. Conference Corp. of
17  Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church,* 887 F.2d 228, 230 (9th
18  Cir. 1989)(all reasonable inferences drawn from the facts are construed in Plaintiff's favor). Plaintiff
19  alleges he has complied with the prison's grievance procedures. See Docs. 1, 95. Defendants
20  contend Plaintiff has not filed any appeals relevant to the claims at issue in this case, and has not
21  exhausted the appeals process for any grievances relevant to the claims at issue here. However,
22  Defendants base their arguments on the inmate appeals forms attached by Plaintiff to his original
23  complaint, and offer no additional evidence to support their claim of failure to exhaust. *See Wyatt*,
24  315 F.3d at 1120 (Court found documents produced by defendants were inadequate to establish
25  failure to exhaust where affidavit from prison official did not state whether or not appeals process
26  was exhausted, and "appeal record" was ambiguous on its face, was not authenticated, and did not
27  stated whether it was a complete accounting of inmate appeals filed by plaintiff).

28  The Court will not speculate as to other evidence that may or may not exist to prove

Plaintiff's compliance with the PLRA's exhaustion requirement, or lack thereof. Exhaustion is an affirmative defenses that must be proven by Defendants– Plaintiff has no burden to affirmatively plead that he did exhaust the inmate appeals process, and the Court will not impose such a burden on him now. *See Wyatt*, 315 F.3d at 1118; *Jones*, 549 U.S. at 216. Judgment on the pleadings as to Defendants' exhaustion defense is only appropriate if Defendants clearly show that no material issue of fact remains as to whether Plaintiff exhausted his administrative remedies, and Defendants have not met that burden here.

Furthermore, the Court notes that this case has been pending since 2006. In its previously issued scheduling order (Doc. 29), the Court set the deadline for filing unenumerated Rule 12(b) motions for October 27, 2008, and the deadline for filing dispositive motions for June 29, 2009. Despite Defendants' urging that their failure to timely file the present motion should be excused due to frequent changes in counsel, the Court cannot find good cause to allow Defendants to proceed on a failure to exhaust defense at this extremely late juncture. Accordingly, on this record, the Court finds Defendants have waived the affirmative defense of failure to exhaust administrative remedies. Further, there is no right to a jury determination on exhaustion; rather, the issue should be decided early in litigation. *Cockcroft v. Kirkland*, 548 F.Supp.2d 767, 772 (N.D.Cal. 2008). In sum, the Court determines that by failing to assert the affirmative defense of nonexhaustion within the time period set by the Court, Defendants waived the defense and it may not be renewed at trial.

**IV.    *Heck v. Humphrey* Bar**

    *A.    Legal Standard*

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held "that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Id*. At 486-87. The court further stated that "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed.." *Id*. at 487. However, "if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment ... the action should be

allowed to proceed." *Id.* (emphasis in original); *Smith v. City of Hemet*, 394 F.3d 689, 699 (9th Cir. 2005)(a § 1983 claim will be barred only where "it is clear from the record that its successful prosecution would *necessarily* imply or demonstrate that the ... conviction was invalid.")(emphasis in original). Thus, "[i]n evaluating whether claims are barred by *Heck*, an important touchstone is whether a § 1983 plaintiff could prevail only by negating an element of the offense of which he has been convicted." *Cunningham v. Gates*, 312 F.3d 1148, 1154 (2002) (internal quotations and citation omitted).

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to § 1983 claims challenging the validity of prison procedures used to deprive inmates of good-time credits. In *Edwards*, the plaintiff claimed he was denied the opportunity to put on a defense during the hearing that resulted in loss of his good-time credits, and that the denial was due to bias of the hearing officer. *Edwards*, 520 U.S. at 646-47. Although the plaintiff was not challenging the conviction itself, the court held that the plaintiff's claim for declaratory relief and money damages was not cognizable under § 1983 because it would "necessarily imply the invalidity of the punishment imposed." *Id.* at 647.

*B.  Analysis*

Plaintiff was charged with and found guilty of attempted battery under Cal.Code Regs., tit. 15, § 3005(d) for attempting to spit at Defendant Torres. Section 3005(d)(1) states: "Inmates shall not willfully commit or assist another person in the commission of assault or battery to any person or persons, nor attempt or threaten the use of force or violence upon another person." The elements of "attempted battery," then, are that Plaintiff (1) willfully (2) attempted (3) the use of force or violence (3) upon another person. Thus, a finding that Defendants responded to Plaintiff's attempted battery with excessive force would not negate any of the elements of attempted battery.

Despite Defendants' claim that Plaintiff's allegations, if proven true, would necessarily imply the invalidity of the adjudication of the RVR and resultant deprivation of good-time credits, there are in fact a number of cases holding that *Heck* does not necessarily bar a § 1983 excessive force claim even when the claim stems from the same incident that resulted in the inmate's disciplinary

adjudication.[1] *See, e.g., Shelton v. Chorley*, 2011 WL 1253655 (E.D. Cal. March 31, 2011) (Excessive force claim not *Heck*-barred where Plaintiff was convicted of attempted battery on a peace officer because "it is possible that Plaintiff attempted to batter Defendant and that Defendant used excessive force in subduing Plaintiff;" attempted battery and excessive force are not mutually exclusive); *Hooper v. County of San Diego*, 629 F.3d 1127, 1134 (9th Cir. 2011) (Conviction for resisting arrest does not bar a § 1983 excessive force claim if the conviction and § 1983 claim are based on different actions occurring during one continuous transaction); *Meadows v. Porter*, 2009 WL 3233902, *2 (E.D. Cal. Oct. 2, 2009) (Plaintiff's § 1983 claim not *Heck*-barred because a finding that the officer "responded to the [plaintiff's] attempted battery with excessive force would not negate any of the elements of attempted battery. And although the two incidents are closely related and occurred one right after the other, they are separate and distinct events."); *contra Cunningham*, 312 F.3d at 1154 (Plaintiff's excessive force claim was barred because his "conviction for felony murder required the jury to find that he intentionally provoked the deadly police response ... [therefore] any civil claim that [plaintiff] was not the provocateur necessary fails as a result of the jury verdict.").

Moreover, the Ninth Circuit has considered this very issue in another case filed by Hackworth. In *Hackworth v. Rangel*, 482 Fed.Appx. 299 (2012), the Ninth Circuit vacated the district court's summary judgment against Hackworth, noting that "success on the merits of Hackworth's excessive force claim does not necessarily imply the invalidity of his rule-violation conviction."

While Defendants argue that a favorable ruling for Plaintiff on his excessive force claim would necessarily invalidate the RVR finding against Plaintiff for attempted battery, the Court finds no basis in the law to support such a conclusion. In the present action, Plaintiff does not challenge his conviction for attempted battery on a peace officer, nor does he challenge his loss of good-time

---

[1] Plaintiff cites *McCoy v. Stratton et al.*, 2012 WL 3204197 (E.D. Cal. Aug. 3, 2012), which cites a number of cases finding a plaintiff's excessive force claim is not *Heck*-barred based on the plaintiff's conviction for attempted battery on a peace officer or willfully resisting a peace officer, because a ruling in plaintiff's favor would not necessarily negate the plaintiff's disciplinary conviction. The Court will not reiterate all of the cases cited in *McCoy* here, but notes that it does find the cases relevant to Plaintiff's argument that his Eight Amendment claim is not *Heck*-barred. Plaintiff cites several additional cases in his response, all of which support his argument that his excessive force claim should not be barred by *Heck*. See Doc. 95 at 5.

7

credits. Plaintiff asserts claims for First Amendment retaliation and excessive force, and as Plaintiff notes in his response, the actions underlying these claims could have occurred prior to, during, or after Plaintiff's attempted battery. Even if the Court rules in favor of Plaintiff on both of Plaintiff's claims, such a ruling would not require a negation of an element of the offense of attempted battery.

Defendants further argue that Plaintiff's case is different from other cases in which the courts found § 1983 claims were not *Heck*-barred, because in those cases the plaintiffs admitted the conduct resulting in their conviction, whereas Hackworth denies he attempted to spit at Defendant Torres. The Court finds this argument both incorrect and irrelevant. There are in fact cases in which the courts have found plaintiffs' § 1983 claims are not barred by *Heck*, and where the plaintiffs denied the conduct resulting in their conviction. *See, e.g., El-Shaddai v. Wheeler*, 2011 WL 1332044 (E.D. Cal. April 5, 2011); *Meadows v. Porter*, 2009 WL 3233902 (E.D. Cal. Oct. 2, 2009); *Simpson v. Thomas*, 2009 WL 1327147 (E.D. Cal. May 12, 2009)(plaintiff claimed he only battered defendant in self-defense); *Gipbsin v. Kernan*, 2011 WL 533701 (E.D. Cal. Feb. 11, 2011)(same). More importantly, whether or not Hackworth admits he spit at Defendant Torres is irrelevant to the issues in this case. Again, Hackworth does not contest the RVR finding against him or his loss of good-time credits. This suit is not about whether or not Hackworth admits or denies the attempted battery. As noted above, a favorable ruling on Plaintiff's claims for excessive force and First Amendment retaliation would not invalidate Plaintiff's conviction for attempted battery, because a favorable ruling would not negate any of the essential elements of the crime. Thus, whether or not Plaintiff admits the attempted battery has no bearing on this case.

*C.     Conclusion*

Based on the foregoing analysis of the facts at issue and relevant case law, the Court finds that Plaintiff's claims under § 1983 are not barred by *Heck* or *Edwards* because a judgment for plaintiff on either of his claims would not necessarily imply the invalidity of his disciplinary conviction for attempted battery.

**V.     Conclusion**

**IT IS HEREBY ORDERED** Defendants' Motion for Judgment on the Pleadings (Doc. 85) is **denied**.

8

**IT IS FURTHER ORDERED** because the Court finds Defendants have waived the defense of failure to exhaust administrative remedies, Defendants may not raise it at trial, nor may Defendants introduce evidence regarding whether Plaintiff filed grievances related to his First or Eighth Amendment claims for impeachment or credibility purposes.

**IT IS FURTHER ORDERED** because the Court finds Plaintiff's claims are not barred by *Heck* or *Edwards*, Defendants may not raise this issue at trial.

DATED this 22nd day of July, 2013.

_____
Raner C. Collins
United States District Judge