1

2

3

4

5

6 # UNITED STATES DISTRICT COURT

7 EASTERN DISTRICT OF CALIFORNIA

8

ROBERT HACKWORTH,                                  CASE NO. 1:06-cv-00773-RC

9
                            Plaintiff,

10                                                 **ORDER**

        v.

11

G. TORRES, et al.,

12
                            Defendants.

13

14

15

_____/

16

17       Following a four-day trial by jury, judgment was entered for Defendants and against

18 Plaintiff on August 16, 2013, and Plaintiff filed a notice of appeal on August 21, 2013.  On

19 September 19, 2013, Plaintiff filed two motions seeking the trial transcript at government

20 expense.

21       A litigant who has been granted in forma pauperis status may move to have transcripts

22 produced at government expense.  Two statutes must be considered whenever the district

23 court receives a request to prepare transcripts at the government's expense.  First, 28 U.S.C.

24 § 1915(c) defines the limited circumstances under which the Court can direct payment the

25 government to pay for transcripts for a litigant proceeding in forma pauperis.

26       (c) Upon the filing of an affidavit in accordance with subsections (a) and (b) and the
         prepayment of any partial filing fee as may be required under subsection (b), the court
27       may direct payment by the United States of the expenses of (1) printing the record on
         appeal in any civil or criminal case, if such printing is required by the appellate court;
28       (2) preparing a transcript of proceedings before a United States magistrate judge in

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

any civil or criminal case, if such transcript is required by the district court, in the case of proceedings conducted under section 636(b) of this title or under section 3401(b) of title 18, United States Code; and (3) printing the record on appeal if such printing is required by the appellate court, in the case of proceedings conducted pursuant to section 636(c) of this title. Such expenses shall be paid when authorized by the Director of the Administrative Office of the United States Courts.

28 U.S.C. § 1915(c).

Second, 28 U.S.C. § 753(f) allows the Court to order the government to pay for transcripts only if "the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal." A request for a transcript at government expense should not be granted unless "the appeal presents a substantial issue." *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984).

Plaintiff's notice of appeal is devoid of any grounds for the appeal and therefore, the Court cannot find that the appeal presents a substantial issue. Accordingly, Plaintiff's motions for the trial transcript at government expense are **HEREBY DENIED**. Any further relief on this issue must be sought from the United States Court of Appeals for the Ninth Circuit.

DATED this 8th day of October, 2013.

Raner C. Collins
Chief United States District Judge

2